JASPER OWENS v. THE STATE.

No. 12070.   Delivered January 9, 1929.
Rehearing denied February 20, 1929.

The opinion states the case.

*Earl M. Greer* of Wills Point for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the possession of intoxicating liquor for the purpose of sale, punishment being two years in the penitentiary.

Bills of exception one and five raise a question as to the sufficiency of the evidence. Officers had a warrant to search the premises of Bruce Pierce, who was a cousin of appellant. When they went to Pierce's place, appellant was there in a car, in which the officers found two pints of whisky. Upon his trial appellant claimed to have gotten this whisky from Pierce. Appellant and Pierce were both arrested and placed in jail. Pierce then made an affidavit in which he stated that certain whisky was located on appellant's premises, whereupon Pierce was released. Upon the information obtained from Pierce officers made an affidavit and secured a warrant to search appellant's premises and buried in a shed room of the barn they found seven and a half gallons of whisky. This search was made four or five days after appellant's arrest and while he was still in jail. Appellant was the only male member of his family, the others being his mother and grandmother. There is a mere suggestion that perhaps Pierce buried the whisky on appellant's premises but no evidence is found which raises such an issue. Pierce and appellant were on friendly terms and visited each other. We would be unauthorized to disturb the verdict on appellant's contention that the evidence is insufficient to support it.

Appellant objected to proof from the justice of the peace that affidavit for search warrant had been made before him and that he issued the warrant and placed it in the sheriff's hands. The warrant and affidavit had been lost. It was necessary for the state to show that the officers had a warrant as a predicate for admitting their evidence as to the result of the search. The affidavit and warrant not being obtainable, it was necessary to prove their issuance and loss. The evidence objected to was properly received under the circumstances. There was no objection that such evidence was for the court only and should not have gone to the jury. When it developed that the original affidavit and search warrant could not be found the state produced a carbon copy of the affidavit and warrant. Appellant objected to it because it was not a paper filed by the magistrate and bore no return of the sheriff. It was not claimed to be the original of either the affidavit or warrant, hence naturally did not bear the file mark or return. After proving them to be carbon copies of the originals they were usable to show that the originals complied with the law. Appellant objected further to the use of the carbon copy of the search warrant on the ground that it bore a date of issuance four days subsequent to the time the sheriff said he made the search. The sheriff testified that the search was made "on or

about" the 11th day of February. The carbon copy of the warrant shows it to have been issued on the 15th day of February. If it be conceded that some confusion in the dates exists, we deem it unimportant. The sequence of the various happenings occurred as set out in the recital of the facts in the first paragraph of this opinion. No search was made of appellant's premises until after the search warrant was obtained.

There is no merit in appellant's objection to the introduction in evidence of the seven and a half gallons of whisky, which was found buried in appellant's barn.

The punishment was assessed at two years' confinement in the penitentiary and in pronouncing sentence the indeterminate sentence law was overlooked and directs appellant's confinement in the penitentiary for a term of two years. The sentence will be corrected to direct his confinement for not less than one nor more than two years. As thus corrected the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant again urges the insufficience of the testimony to show him in possession of the liquor found by the officers in his barn. We have again carefully considered the facts. While it is true that appellant was in jail and had been for two or three days, when his barn was searched and the whisky in question found,—it further appears that when he was arrested he had in his car two or three pints of whisky. Coupled with the further proposition that his household consisted of himself, his mother and grand-mother, both which woman positively averred that they knew nothing of the presence of the whisky in the barn, it seems to us that we would have to hold the jury to have sufficient facts to support their conclusion that he was in possession of intoxicating liquor, had for the purpose of sale. If there be testimony supporting the conclusion reached, this court will not reverse.

The motion for rehearing is overruled.

*Overruled.*